UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JILL CARUSO, | : | Case No. 3:11-cv-186 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JOAN C. LOVING, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT (DOC. 8); DENYING DEFENDANT'S MOTION TO
DISMISS (DOC. 6) AS MOOT AND WITHOUT PREJUDICE**

This civil case is before the Court on Defendant's Motion to Dismiss Plaintiff's

Complaint. (Doc. 6). Plaintiff did not file a memorandum opposing Plaintiff's

Complaint, and instead, filed a Motion for Leave to File an Amended Complaint. (Doc.

8). Defendant filed no memorandum opposing Plaintiff's Motion for Leave to Amend.

In her Complaint, Plaintiff alleges that she is disabled and that she visited a Pizza

Hut restaurant in Wilmington, Ohio that allegedly failed to comply with provisions of the

Americans with Disabilities Act ("ADA") and Ohio's Disability Discrimination statutes,

*i.e.*, Ohio Rev. Code § 4112.01. Plaintiff prays for injunctive relief, compensatory

damages, punitive damages, attorney fees and costs.

Defendant, Joan C. Loving, an individual, moves to dismiss the Complaint

pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff's Complaint must be

dismissed because Plaintiff alleges no specific facts demonstrating the existence of a

disability beyond a mere conclusory assertion that Plaintiff is disabled. Defendant also

argues that Joan C. Loving does not own the property at issue in her individual capacity,

and, therefore, cannot be liable under the ADA or Ohio Rev. Code 4112.01. In support of her Motion to Dismiss, Defendant attaches warranty deeds and certificates of transfer showing that she does not own the property in her individual capacity, and instead, the property is jointly titled to Billy D. Marine and Joan C. Loving, Trustee of the Joan C. Loving Revocable Living Trust. (Docs. 6-1, 6-2, 6-3, 6-4).

Following the filing of Defendant's Motion to Dismiss, Plaintiff filed her Motion for Leave to Amend the Complaint. (Doc. 8). The proposed Amended Complaint alleges that Plaintiff "is a person diagnosed with spina bifida and uses a wheelchair for mobility." (*Id.*) Further, the proposed Amended Complaint adds Billy D. Marine and the Joan C. Loving, Trustee of Joan C. Loving Revocable Living Trust as Defendants.[1]

Defendant did not file a memorandum opposing Plaintiff's Motion for Leave to Amend and the time for doing so has expired. Pursuant to Local Rule 7.2(a)(2), the "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees." Accordingly, absent opposition by Defendant, in the interests of justice, Plaintiff is **GRANTED** leave to amend the Complaint. (Doc. 8). Plaintiff shall file an Amended Complaint within seven days from the entry of this Order.

Because the proposed Amended Complaint supersedes the original Complaint, and because Defendant's Motion is directed to the original Complaint, Defendant's Motion is

---

[1] The proposed Amended Complaint continues to name Joan C. Loving as a Defendant in her individual capacity and continues to allege generally that Ms. Loving, in her individual capacity, is the "owner, operator, lessor or lessee" of the Pizza Hut. (Doc. 8-1).

now moot. *See Perkins v. Sun Chemical Corp.*, No. 1:10cv810, 2011 WL 1403069, at *2 (S.D. Ohio Apr. 12, 2011). Accordingly, Defendant's Motion to Dismiss (Doc. 6) is **DENIED AS MOOT**. The denial of Defendant's Motion is without prejudice to any subsequently filed motion directed to Plaintiff's amended pleading.

    **IT IS SO ORDERED.**

Date: ___9/13/11___          ___Timothy S. Black___
                             Timothy S. Black
                             United States District Judge